WO                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Steven Riess, | No. CV 10-1331-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Richard Steven Riess, who is confined in the Durango Jail in Phoenix, Arizona, has filed a *pro se* motion for leave to exceed the page limit for his lodged Complaint, which he brought pursuant to 42 U.S.C. § 1983, and an Application to Proceed *In Forma Pauperis*.[1] (Doc.# 1, 2, 3.) Plaintiff has also filed motions proceed in forma pauperis, to appoint counsel, to grant a temporary restraining order, and for a warrant to sequester alleged evidentiary items. (Doc.# 5, 6, 7.) Plaintiff will be denied leave to exceed the page limit based upon his non-compliance with the Instructions for completing the form complaint and his other motions will be denied. (Doc.# 2, 3, 5, 6, 7.)

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory

---

[1] The *in forma pauperis* application was lodged rather than filed. The Court will direct that it be filed as of the date lodged.

fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Motion to Exceed the Page Limits

Plaintiff has filed a motion to exceed the page limit for his Complaint, which contains 44 pages. (Doc.# 1, 2.) The Court declines to do so. Plaintiff has failed to comply with Instructions for completing the court approved complaint and he has not shown that he is unable to state his claims in compliance with the Instructions.

## III.    Failure to Comply with Instructions and Rules

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Moreover, under Rule 10(b) of the Federal Rules of Civil Procedure, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Local Rule 3.4(a) requires prisoners to use court-approved form complaints.

The Instructions state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered *clearly and concisely* in the appropriate space on the form. If needed, you may attach additional pages, *but no more than fifteen additional pages*, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

(Instructions at ¶ 1) (italics added). The Instructions further provide that:

> 1. Counts. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

> 2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts. *After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.*
> 4. Injury. State *precisely* how you were injured by the alleged violation of your rights.

(Instructions, part C) (italics added).

While Plaintiff used the court-approved form complaint, he did not comply with the Instructions for completing it. Rather than *concisely* allege relevant facts to support how particular Defendants violated the particular civil right at issue in a given count, Plaintiff has filed a lengthy factual description and cited numerous paragraphs as support.[2] Plaintiff's proposed Complaint fails to comply with the instruction that "all questions must be answered clearly and concisely in the appropriate space on the form." Indeed, Plaintiff's lengthy summary of grievances, and responses thereto, are not relevant at this juncture–Plaintiff may simply indicate in the designated portion of the form whether he exhausted any given count without recounting at length how he attempted to do so.[3] Plaintiff also incorporates numerous paragraphs from his lengthy factual narrative to support multiple claims, rather than summarizing the facts relevant to a given claim. That is, for *each* count, Plaintiff should identify the particular civil right violated and summarize facts under the "Supporting Facts" heading regarding when, how, and by whom. Because Plaintiff has failed to do so in his

---

[2] For example, Plaintiff incorporates ¶¶ 1-17 in support of Counts I-III, and ¶¶ 1, 64-122 in support of Counts VIII-X.

[3] Plaintiff in part appears to predicate liability against certain Defendants based on their denial of administrative grievances. Where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636 at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323 at *10 (E.D. Cal. Apr. 13, 2009).

1 lodged Complaint, his motion to exceed the page limit will be denied and Plaintiff will be
2 granted 30 days in which to file a complaint in compliance with the Instructions.

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* Complaint is ordered filed *nunc pro tunc* to the date it was lodged. (Doc.# 3.)

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 3.)

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

1     (4)    Plaintiff's motion for leave to exceed the page limit for his Complaint is **denied**. (Doc.# 1.)

    (5)    Plaintiff must file a complaint that substantially complies with the Instructions for submitting a prisoner complaint on the court-approved form. If Plaintiff fails to file a complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

    (6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 25th day of July, 2010.

_____
Robert C. Broomfield
Senior United States District Judge