**WO**  SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Steven Riess, | No. CV 10-1331-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Richard Steven Riess, who is confined in the Durango Jail in Phoenix, Arizona, filed a *pro se* motion for leave to exceed the page limit for his lodged Complaint, which he brought pursuant to 42 U.S.C. § 1983. (Doc. 1, 2.) In an Order filed July 27, 2010, the Court denied Plaintiff's motion with leave to file a complaint that substantially complies with Instructions within 30 days. (Doc. 7.) Pending is Plaintiff's ex parte motion for preliminary injunction to require that he be provided with a different kosher diet than he is currently receiving. (Doc. 6.)

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008);

Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). "No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1).

At this juncture, a complaint has not been filed, screened, or ordered served on any Defendant. The Court will deny Plaintiff's *ex parte* motion without prejudice to filing a new motion after a complaint has been filed, screened, and ordered served.

**Warnings**

  **A.** **Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

  **B.** **Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

  **C.** **Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

  **D.** **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

1    **IT IS ORDERED** that Plaintiff's *ex parte* motion for a preliminary injunction is
2 **denied**. (Doc. 6.)
3    DATED this 2nd day of August, 2010.

*[signature]*
Robert C. Broomfield
Senior United States District Judge